IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **UNCOMMON, LLC,** | |
| Plaintiff, | Case No.: _____ |
| v. | |
| **SPIGEN, INC.,** | **JURY TRIAL DEMANDED** |
| Defendant. | |

## COMPLAINT

Plaintiff Uncommon, LLC ("Plaintiff" or "Uncommon"), by its attorneys, as and for its Complaint against Defendant Spigen, Inc. ("Defendant" or "Spigen") alleges as follows:

## NATURE OF THE CASE

1. This is a civil action for (1) trademark infringement in violation of the Lanham Act, 15 U.S.C. § 1114; (2) unfair competition in violation of the Lanham Act, 15 U.S.C. § 1125(a); and (3) unfair competition under Illinois common law. Uncommon brings this action to protect one of its most valuable assets, namely, the goodwill and consumer recognition associated with its trademarks; in particular, its CAPSULE trademark, which Uncommon has continuously used since 2009.

2. Uncommon owns a federal registration for its CAPSULE trademark. A true and correct copy of the federal trademark registration certificate (i.e., Reg. No. 4,338,354) for the CAPSULE trademark is attached hereto as Exhibit A (hereinafter the "CAPSULE trademark" or the "CAPSULE mark").

## PARTIES

3. Uncommon, LLC is a Delaware Limited Liability Company having its principal place of business at 2759 W. Lawrence Ave., Chicago, IL 60625.

4. On information and belief, Spigen, Inc. is a California Corporation having its principal place of business at 9975 Toledo Way, Suite 100, Irvine, CA 92618.

## JURISDICTION AND VENUE

5. This Court has original subject matter jurisdiction over Plaintiff's Lanham Act claims, pursuant to 15 U.S.C. § 1121, 28 U.S.C. § 1331, and 28 U.S.C. § 1338(a). This Court has supplemental jurisdiction over Plaintiff's related state and common law claims under 28 U.S.C. § 1367.

6. This Court has personal jurisdiction over Defendant because Defendant is engaging in various activities within this State and this District, including offering for sale, selling, and distributing its accused products in this district. The consequences of Defendant's actions produce effects in and directly implicate this forum.

7. Venue is proper in this District under 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to this claim occurred within this District and because Defendant's acts of infringement are causing harm in this District.

## FACTUAL BACKGROUND

### Uncommon, LLC

8. Founded in 2009, Uncommon, LLC is a leading seller of protective cases for consumer electronic devices. In particular, Uncommon is well-known as a seller of smart phone and laptop protective cases featuring both ready-made and customizable graphical designs.

9. For example, customers can use Uncommon's website, www.getuncommon.com, to design their own smartphone, tablet, or laptop protective case using personal photographs or their own original artwork. Customers also have the option of purchasing pre-designed protective cases featuring, for example, artwork licensed from various artists.

10. Uncommon also markets and sells its protective cases through other channels, including directly through Apple, Inc. and in various retail locations run by Uncommon's licensees or distributors. Uncommon also markets and sells its protective cases on the internet at third party marketplaces such as Amazon.com and on the websites of Uncommon's licensees and distributors.

11. Through its marketing efforts, Uncommon has garnered a substantial following. Its protective cases have been featured in various media outlets and its cases have been personally used by many well-known celebrities.

12. Uncommon has also received favorable, unsolicited press coverage for its protective cases. Uncommon's protective cases have been featured, for example, on Elle Magazine's website ("Mother's Day Gift Guide 2013"), on Ebony Magazine's website ("The Best Gifts for Mama: Mother's Day Gift Guide 2013"), on Life & Style Weekly's website ("2013 Mother's Day Gift Guide"), on Teen Vogue's website ("35 Totally On-Trend Accessories"), in HOW Magazine's January 2013 issue, in Glamour Magazine's January 2013 issue, Essence Magazine's December 2012 issue, in Teen Vogue's December 2012 issue, and in Latitudes Magazine's November/December 2012 issue. *See* Exhibit B, printout of page from www.getuncommon.com listing press coverage.

13. Uncommon's products have also been featured in television media, including, for example, on WCIU Chicago's "You & Me This Morning" as part of a May 10, 2013 segment

about Mother's Day gifts and on a Fox 8 New Orleans' segment about Mother's Day Gifts in May 2013. *See* Exhibit B.

14. As part of its promotion and goodwill development, and in order to protect the source-identifying marks Uncommon has developed, Uncommon has applied for and received numerous active federal trademark registrations, including, but not limited to:

| Mark | U.S. Reg. No. | Description of Goods/Services |
|---|---|---|
| "UN" | 4,002,977 | IC 009: Carrying cases and bags designated for storage and transportation of consumer electronics, cellular phones, media players, laptop computers. |
| "WE PROVIDE THE CANVAS. YOU PROVIDE THE INSPIRATION." | 3,917,885 | IC 035: Retail and on-line retail store services featuring carrying cases or bags designed for storage and transportation of consumer electronics, cellular phones, media players, laptop computers, watches, musical instruments, toys, and sporting goods and accessories. |
| "DEFLECTOR" | 4,090,969 | IC 009: Carrying cases and bags designated for storage and transportation of consumer electronics, cellular phones, media players, laptop computers. |
| "CAPSULE" | 4,338,254 | IC 009: Cases specifically adapted for protection and storage of consumer electronics, namely, cellular phones and mobile media players |
| "FROSTED" | 4,545,341 | IC 009: Carrying cases and bags designed for protection, storage, and transportation of consumer electronics in the nature of cellular phones, media players, laptop computers |
| "GETUNCOMMON" | 4,423,168 | IC 009: Carrying cases and bags designed for storage and transportation of consumer electronics in the nature of cellular phones, media players and laptop computers |
| "PERMAFROST" | 4,482,488 | IC 009: Carrying cases and bags designed for storage, protection and transportation of consumer electronics in the nature of smart phones, cellular phones, media players and laptop computers. |
| "SAFETY" | 4,569,306 | IC 009: Cases for smart phones and tablet computers. |

4

15. Through its significant marketing efforts, Uncommon also has attained common law rights in several unregistered marks.

## The Capsule Mark

16. Among its many offerings, and long prior to the acts of Defendant complained of herein, Uncommon has promoted, marketed, and sold its protective cases in interstate commerce using the CAPSULE mark. The protective cases bearing the CAPSULE mark are currently available and actively being sold in configurations designed for the iPhone 5, iPhone 5s, iPhone 4, iPhone 4s, and the 4th Generation iPod Touch.

17. In an effort to promote its brand recognition and protect its valuable goodwill, Uncommon filed a trademark application for its CAPSULE mark on September 17, 2012, with a date of first use of December 16, 2009. The CAPSULE mark issued under Registration Number 4,338,254 on May 21, 2013 for "IC 009: Cases specifically adapted for protection and storage of consumer electronics, namely, cellular phones and mobile media players." *See* Exhibit A.

18. Since 2009, Uncommon has continuously used its CAPSULE mark in interstate commerce in conjunction with the sale of its protective cases throughout the United States.

19. The protective cases utilizing the CAPSULE mark, like Uncommon's other products, have received significant media attention. For example, the protective cases utilizing the CAPSULE mark were featured on Esquire.com's list of "What to Get Her This Mother's Day" in May of 2013. *See* Exhibit C.

20. Uncommon's protective cases utilizing the CAPSULE mark were also featured on NBC's Today Show as correspondent Sara Haines' "favorite thing" on September 5, 2011. *See* Exhibit D.

21. The CAPSULE mark is distinctive.

22. As provided by 15 U.S.C. § 1115(a), Uncommon's federal registration of the CAPSULE mark serves as "prima facie evidence of the validity of the registered mark and of the registration of the mark, of the registrant's ownership of the mark, and of the registrant's exclusive right to use the registered mark in commerce on or in connection with the goods or services specified in the registration."

**Defendant's Infringing and Unfair Conduct**

23. On information and belief, Defendant owns and operates a website at www.spigen.com, where it promotes and sells various protective cases for personal electronic devices.

24. Defendant is a direct competitor of Uncommon.

25. On information and belief, Defendant markets and sells its protective cases through various other retailers in the United States, both online and offline, including at Staples, Walmart, and Amazon stores or websites.

26. In particular, Defendant markets, promotes, offers for sale, and sells a "Capsule" protective case, which is available for several cellular phone models, including the iPhone 6, the iPhone 6s, the Samsung Galaxy S5, the Samsung Galaxy S6, and HTC One M9. *See* Exhibit E, printout of www.spigen.com search results for "Capsule".

27. Defendant's "Capsule" protective cases and Uncommon's protective cases utilizing the CAPSULE mark are marketed through the same channels and appear in close proximity when sold on the same websites.

28. For example, a search of "Capsule case" on Amazon.com yields results featuring both Uncommon's protective cases utilizing the CAPSULE mark and Defendant's "Capsule" protective cases. *See* Exhibit F, Amazon search printout. As shown in the attached search

printout, Uncommon's protective cases utilizing the CAPSULE mark are completely surrounded and pushed lower in the search results by Defendant's "Capsule" protective cases.

29. There is a strong likelihood that consumers will be confused into believing that Defendant's "Capsule" protective cases are Plaintiff's products or that they are authorized, endorsed, sponsored, or approved by Plaintiff.

30. Defendant's use of the word "Capsule" is an exact reproduction and copy of Plaintiff's CAPSULE mark.

31. On information and belief, Defendant has intentionally copied the CAPSULE mark in order to improperly and unfairly trade on the substantial goodwill that Plaintiff has achieved through its marketing efforts and years of customer satisfaction.

32. On information and belief, Defendant had actual knowledge of the existence of Uncommon's protective cases and use of the CAPSULE mark before Defendant first began using, offering to sell, selling its accused protective cases.

33. At no time has Uncommon authorized Defendant to use the CAPSULE mark.

34. Defendant filed an intent-to-use trademark application with the United States Patent and Trademark Office on November 25, 2014 for "AIR CAPSULE" in "IC 009: Cases for mobile phones; Cell phone cases; Clear protective covers specially adapted for personal electronic devices, namely, cell phones, personal digital assistants, tablet personal computers; Fitted plastic films known as skins for covering and protecting electronic apparatus, namely, cell phones, tablet computers, mp3 players, smartphones; Protective cases for smartphones; Protective covers and cases for cell phones, laptops and portable media players; Protective glasses."  The application was assigned Serial No. 86,465,014 and is still pending registration.

35. Defendant filed a trademark application with the United States Patent and Trademark Office for "Capsule Solid" on October 5, 2015 for "CAPSULE SOLID" in "IC 009: Cases adapted for mobile phones; Cases for mobile phones; Cell phone backplates; Cell phone cases; Cell phone covers; Cell phone faceplates; Clear protective covers specially adapted for personal electronic devices, namely, cell phones, personal digital assistants, tablet personal computer; Fitted plastic films known as skins for covering and protecting electronic apparatus, namely, cell phones, tablet computers, mp3 players, smartphones; Protective cases for smartphones; Protective covers and cases for cell phones, laptops and portable media players; Protective covers for smartphones; Protective glasses." The application lists a date of first use of February 2, 2015. The application was assigned Serial No. 86,778,356 and is still pending registration.

## COUNT I
## FEDERAL TRADEMARK INFRINGEMENT
## (15 U.S.C. § 1114)

36. Plaintiff incorporates by reference Paragraphs 1 - 35 above as if restated herein in their entirety.

37. Defendants had actual and/or constructive knowledge of Uncommon's rights in its federally registered CAPSULE mark at least as early as the date of its registration, May 21, 2013.

38. Defendant is using, in commerce, a reproduction or copy of Plaintiff's registered CAPSULE mark.

39. Plaintiff has neither consented to nor authorized Defendant's use of the CAPSULE mark.

8

40. Defendant's use of the CAPSULE mark is likely to cause confusion, mistake, or deception as to the source, sponsorship, or approval of Defendant's protective cases.

41. Defendant's unauthorized use of the CAPSULE mark constitutes a violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114(a).

42. The intentional nature of Defendant's unauthorized use of the CAPSULE mark renders this an exceptional case under 15 U.S.C. § 1117(a), justifying the imposition of treble damages and the award of Uncommon's fees and costs associated with bringing this action.

43. As a result of Defendant's above-outlined conduct, Uncommon has suffered and continues to suffer substantial damage and irreparable harm constituting an injury for which Uncommon has no adequate remedy at law. In particular, Uncommon will continue to suffer irreparable harm unless this Court enjoins Defendant's conduct. Specifically, such irreparable harm includes, but is not limited to, reputational harm amongst Uncommon's actual and potential customers, and erosion of market share.

## COUNT II
## UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN
## (15 U.S.C. § 1125(a))

44. Plaintiff incorporates by reference Paragraphs 1 - 43 above as if restated here in their entirety.

45. Defendants had actual and/or constructive knowledge of Uncommon's rights in its federally registered CAPSULE mark at least as early as the date of its registration, May 21, 2013.

46. Plaintiff has neither consented to nor authorized Defendant's use of the CAPSULE mark.

47. Defendant's unauthorized use of the CAPSULE mark is likely to cause confusion, mistake, or deception as to the origin, sponsorship, or approval by Uncommon of Defendant's protective cases.

48. Defendant's conduct constitutes a violation of Section 43 of the Lanham Act, 15 U.S.C. § 1125(a)(1).

49. The intentional nature of Defendant's unauthorized use of the CAPSULE mark renders this an exceptional case under 15 U.S.C. § 1117(a), justifying the imposition of treble damages and the award of Uncommon's fees and costs associated with bringing this action.

50. As a result of Defendant's aforesaid conduct, Uncommon has suffered and continues to suffer substantial damage and irreparable harm constituting an injury for which Uncommon has no adequate remedy at law. In particular, Uncommon will continue to suffer irreparable harm unless this Court enjoins Defendant's conduct.

## COUNT III
## ILLINOIS COMMON LAW UNFAIR COMPETITION

51. Plaintiff incorporates by reference Paragraphs 1 - 50 above as if restated here in their entirety.

52. By marketing, advertising, and selling its "Capsule" protective cases, Defendant is acting with the purpose and intent to deceive consumers into believing that Defendant's protective case are made by Uncommon or are affiliated with or approved by Uncommon.

53. By marketing, advertising, and selling its "Capsule" protective case, Defendant intends to harm and is harming Plaintiff's business.

54. As a result of Defendant's unfairly competitive activities, Plaintiff has been damaged and will continue to be damaged unless Defendant is enjoined from using Plaintiff's CAPSULE mark.

10

55. Plaintiff is also entitled to recover money damages to compensate for Defendant's unfair conduct.

## COUNT IV
### CANCELLATION OF "AIR CAPSULE", SERIAL NO. 86/465,014
### (15 U.S.C. § 1119)

56. Plaintiff incorporates by reference Paragraphs 1 - 55 above as if restated here in their entirety.

57. Defendant's pending registration for "AIR CAPSULE", Serial No. 86,465,014, consists of a mark which so resembles Plaintiff's CAPSULE mark as to likely, when used on or in connection with Defendant's goods or services, cause confusion, mistake, or deception.

58. Plaintiff has priority of rights for use of the term CAPSULE.

59. The continued existence and/or future existence of Defendant's registration for the term "AIR CAPSULE" is damaging or will damage Plaintiff.

60. Defendant's registration of the term "AIR CAPSULE" has caused, and continues to cause, irreparable injury and will continue to do so unless this Court orders cancellation of that application.

## COUNT V
### CANCELLATION OF "CAPSULE SOLID", SERIAL NO. 86/778,356
### (15 U.S.C. § 1119)

61. Plaintiff incorporates by reference Paragraphs 1 - 60 above as if restated here in their entirety.

62. Defendant's pending registration for "CAPSULE SOLID", Serial No. 86,778,356, consists of a mark which so resembles Plaintiff's CAPSULE mark, as to likely, when used on or in connection with Defendant's goods or services, cause confusion, mistake, or deception.

63. Plaintiff has priority of rights for use of the term CAPSULE.

64.     The continued existence and/or future existence of Defendant's registration for the term "CAPSULE SOLID" is damaging or will damage Plaintiff.

65.     Defendant's registration of the term "CAPSULE SOLID" has caused, and continues to cause, irreparable injury and will continue to do so unless this Court orders cancellation of that application.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Uncommon, LLC respectfully seeks the following relief against Defendant Spigen, Inc.:

A.     Judgment that Defendant's conduct violates Plaintiff's federal trademark rights, in violation of 15 U.S.C. § 1114.

B.     Judgment that Defendant's conduct constitutes federal unfair competition in violation of 15 U.S.C. § 1125(a).

C.     Judgment that Defendant's conduct constitutes unfair competition under Illinois common law.

D.     Damages in an amount to be proven at trial, in the form of disgorgement of Defendant's profits, actual damages suffered by Plaintiff, and compensation for corrective advertising.

E.     Treble damages as a result of the willful nature of Defendant's conduct, in accordance with 15 U.S.C. § 1117.

F.     Plaintiff's attorneys' fees incurred in bringing this action, in accordance with 15 U.S.C. § 1117.

G.     A preliminary, mandatory, and permanent injunction enjoining, restraining and ordering Defendant, and its officers, agents, servants, attorneys, and other persons who are in active concert or participation with it:

   1.     To cease using, selling, offering for sale, holding for sale, advertising, or promoting any goods or services under or in connection with any trade name, trademark, service mark, or Internet domain name that is comprised in whole or in part of the term "Capsule" or any other term confusingly similar to the term "Capsule."

      2.      To deliver and destroy all inventory, literature, advertisements, and other materials displaying the CAPSULE mark.

H.      Pre-judgment and post-judgment interest.

I.      A certified order to the United States Patent and Trademark Office to cancel the registration pursuant to 15 U.S.C. § 1119, of "AIR CAPSULE" Serial No. 86,465,014.

J.      A certified order to the United States Patent and Trademark Office to cancel, pursuant to 15 U.S.C. § 1119, the registration of "CAPSULE SOLID", Serial No. 86,778,356.

K.      Any and all other relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury as to all issues so triable.

DATED: December 4, 2015                                    Respectfully submitted by,

/s/ Edward L. Bishop
Edward L. Bishop
ebishop@bishoppatents.com
Nicholas S. Lee
nlee@bishoppatents.com
BISHOP DIEHL & LEE, LTD.
1750 East Golf Road, Suite 390
Schaumburg, IL 60173
Phone (847)969-9123
Fax: (847) 969-9124

*Attorneys for Plaintiff*
*Uncommon, LLC*