**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| UNCOMMON, LLC,  )  <br>  )  <br> Plaintiff,  )  <br>  )  <br> v.  )  <br>  )  <br> SPIGEN, INC.,  )  <br>  )  <br> Defendant.  )  | Case No. 15-cv-10897 <br><br> Hon. John R. Blakey |

## DEFENDANT SPIGEN, INC.'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S COMPLAINT

NOW COMES the Defendant, SPIGEN, INC., by and through its attorneys, Roth Law Group LLC, who respectfully submit this Memorandum of Points and Authorities in support of its Motion to Dismiss Plaintiff's, UNCOMMON, LLC ("Plaintiff") Complaint pursuant to *Federal Rules of Civil Procedure*, Rule 12(b)(6). In support of its Motion to Dismiss, Spigen states as follows:

## RELEVANT FACTS

Spigen is a leading manufacturer of mobile phone cases and is well known for the quality and value of its mobile phone cases. As part of its business, Spigen is the owner of many patents and registered trademarks. Spigen filed a trademark application for registration of its mark "Air Capsule" (Serial No. 86465014) with the United States Patent and Trademark Office (hereinafter, the "USPTO") on November 25, 2014. *See* Spigen's Request for Judicial Notice ("RFJN")[1], Ex. A. Additionally, Spigen filed a trademark application for registration of its mark "Capsule Solid" (Ser. No. 86778356) with the USPTO on October 5, 2015. RFJN, Ex. B. Both trademark applications for the marks "Air Capsule" and "Capsule Solid" are pending with the USPTO and no trademark application has been registered with the USPTO. *See* RFJN, Ex. A; Ex. B.

---

[1] Spigen's Request for Judicial Notice will be filed and delivered to the Court concurrently with this Motion.

Plaintiff's Complaint alleges counts for 1) Trademark Infringement of its mark "CAPSULE;" 2) Unfair Competition and False Designation of Origin with regard to Spigen's purported use of Plaintiff's mark; 3) Unfair Competition under Illinois common law; 4) Injunctive Relief requiring cancellation of Spigen's trademark application for "Air Capsule;" and 5) Injunctive Relief requiring cancellation of Spigen's trademark application for "Capsule Solid.[2]"

Notably, Plaintiff alleges to have been using the mark "CAPSULE" (Serial No. 85730481; Registration No. 4338254) since December 16, 2009 and applied for registration of this mark on September 17, 2012. However, a third party company, Vatra, Inc. (hereinafter, "Vatra") had a trademark registration for the mark "CAPSULE" (Registration No. 3472044) with the USPTO in connection with among others, cases for mobile phones with the registration date of July 22, 2008 well before Plaintiff even began using the mark. RFJN, Ex. C. Moreover, another third party company, SwitchEasy Limited (hereinafter, "SwitchEasy") filed a trademark application for the mark "CAPSULE" (Serial No. 77533218) on July 29, 2008 in connection with IC 009 protective cases and carrying cases for portable digital media player devices. RFJN, Ex. D. Although SwitchEasy's application was later abandoned by failing to submit a response to an office action (which raises the issue of likelihood of confusion with Vatra's now-cancelled registered mark), SwitchEasy filed an allegation of use which claims that its first date of use was December 1, 2005. SwitchEasy used the mark "CAPSULE" for an iPhone case it manufactured in 2007. RFJN, Ex. D. To this day, SwitchEasy continues to use the mark "CAPSULE" in connection with smart phone cases. By not considering Vatra's registered mark and SwitchEasy's superior trademark right, the trademark examining attorney

---

[2] As set forth in Spigen's Request for Judicial Notice, the trademark applications for "Air Capsule" and "Capsule Solid" are pending with the USPTO and "Air Capsule" and "Capsule Solid" have not yet been registered with the USPTO. Ex. A; Ex. B.

of the USPTO passed the examination for Plaintiff's mark "CAPSULE" and Plaintiff obtained a trademark registration for the mark "CAPSULE" by committing fraud with the USPTO.

**LAW AND ARGUMENT**

In order to survive a motion to dismiss, Plaintiff's Complaint must allege sufficient facts to establish the essential elements in a cause of action. *See Lucien v. Preiner*, 967 F.2d 1166, 1168 (7th Cir. 1992), *cert denied*, 506 U.S. 893 (1992). Specifically, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009), *citing Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Moreover, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, *supra* at 1949-1950. Additionally, the Court must dismiss any claim where it appears beyond all doubt that the Plaintiff cannot prove any set of facts that will entitle him to relief. *See Hernandez v. City of Goshen*, 324 F.3d 535, 537 (7th Cir. 2003).

**I.    Plaintiff's Claim for Cancellation of "Air Capsule," Serial No. 86/465,014 (Count 4) Fails as a Matter of Law**

   **A.    Plaintiff's Claim Fails Because the Court Does Not Have Jurisdiction to Rule on Pending Trademark Registration Proceedings**

Although the Court has the authority to cancel an already ***registered*** trademark, the Court cannot rule on the validity of a trademark application that is pending before the USPTO. The courts of the United States have no jurisdiction over registration proceedings except that appellate jurisdiction given them by the Trademark Act. *Merrick v. Sharp & Dohme*, 185 F.2d 713, 717 (7th Cir. 1950.); *Johnny Blastoff, Inc. v. Los Angeles Rams Football Co.*, 1998 WL 766703 affirmed *Johnny Blastoff, Inc. v. Los Angeles Rams Football Co.*, 188 F.3d 427 (7th Cir. 1999).

Here, Plaintiff requests that the Court cancel Spigen's application for the mark "Air Capsule" (Complaint, ¶60.) However, since Spigen's mark for Air Capsule has not been registered, any request for cancellation of the mark "Air Capsule" is in essence a request to cancel Spigen's trademark application for the mark "Air Capsule." RFJN, Ex. A. By requesting that the Court cancel Spigen's

application, Plaintiff is improperly requesting that the Court make a de facto ruling on the validity of Spigen's application that is pending in front of the USPTO. Accordingly, since Plaintiff is not requesting that the Court cancel Spigen's already registered mark, Plaintiff's Count 4 for Cancellation of the mark "Air Capsule" must be dismissed.

### B. A Mark Must Be Registered in Order for the Court to Order it to be Cancelled

Even if the Court had jurisdiction, cancellation of a mark is governed by 15 U.S.C. §1119 which states in relevant part:

> In any action involving ***a registered mark*** the court may determine the right to registration, order the cancelation of registrations, in whole or in part, restore canceled registrations, and otherwise rectify the register with respect to the registrations of any party to the action . . . (emphasis added)

Here, Spigen filed an application for the mark "Air Capsule" which has not been registered and is pending approval from the USPTO. RFJN, Ex. A. Thus, Plaintiff's Count 4 for Cancellation of the mark Air Capsule must be dismissed.

## II. Plaintiff's Claim for Cancellation of "Capsule Solid," Serial No. 86/778,356 (Count 5) Fails.

Plaintiff seeks to cancel Spigen's application for the mark "Capsule Solid." (Complaint, ¶65.) As stated in Section I(A) of this motion, Plaintiff cannot request that the Court rule on the validity of a Trademark application. Thus, Plaintiff's Count 5 for cancellation for the mark "Capsule Solid" fails and must be dismissed. RFJN, Ex. B.

Moreover, for the reasons stated in Section I(B), Plaintiff cannot request that the Court cancel the mark "Capsule Solid" because this mark has not yet been registered. RFJN, Ex. B. Thus, Plaintiff's Count 5 for Cancellation of the mark "Capsule Solid" must be dismissed.

## III. Plaintiff's Claim for Federal Trademark Infringement Fails as a Matter of Law (Count 1)

### A. Plaintiff's Claim for Federal Trademark Infringement Fails Because Plaintiff's Trademark Registration of "CAPSULE" is Invalid

A trademark will not be registered if it

> [c]onsists of or comprises a mark which so resembles a mark registered in the Patent and Trademark Office, or a mark or trade name previously used in the United States by another and not abandoned, as to be likely, when used on or in connection with the goods of the applicant, to cause confusion.
>
> 15 U.S.C. §1052(d)
>
> 15 U.S.C. §1119 grants the Court the power over trademark registration, providing that [in] any action involving a registered mark the court may determine the right to registration, order the cancelation of registrations, in whole or in part, restore canceled registrations, and otherwise rectify the register with respect to the registrations of any party to the action.

First, Vatra registered the mark "CAPSULE" and used the mark prior to Plaintiff's registration or even alleged first use. The mark "CAPSULE" was published for opposition on May 6, 2008 and was registered in the principal register on July 22, 2008. RFJN, Ex. C. Vatra's CAPSULE mark was registered for carrying cases for mobile phones, among other items. RFJN, Ex. C. Moreover, since Vatra applied for registration of the mark on January 2, 2008 under the filing basis of actual use, it can be inferred that the mark was in use prior to that date. RFJN, Ex. C. Additionally, in its application, Vatra claims that the first use of the CAPSULE mark was on September 1, 2007. RFJN, Ex. C. There is a likelihood of confusion between Vatra's CAPSULE mark and Plaintiff's CAPSULE mark because the marks are identical and Plaintiff's goods are covered by Vatra's registration of the CAPSULE mark. Thus, Plaintiff's registration of the CAPSULE mark is invalid.

Second, SwitchEasy applied for registration for the mark "CAPSULE" on July 29, 2008, and stated the first use of the mark as December 1, 2005. RFJN, Ex. D. This registration was for protective cases for portable digital media player devices. RFJN, Ex. D. Again, based upon these facts, SwitchEasy used the mark prior to Plaintiff's registration date of May 21, 2013. In addition, a simple Internet search reveals that SwitchEasy continues to use the mark "CAPSULE" in connection with smart phone cases. Accordingly, there is a likelihood of confusion between SwitchEasy's CAPSULE mark and Plaintiff's "CAPSULE" mark because the marks are identical and Plaintiff's goods are identical to SwithEasy's goods. Thus, Plaintiff's registration of the "CAPSULE" mark is invalid.

It is indisputable that both Vatra and SwitchEasy are senior users of the "CAPSULE" mark and Plaintiff is a junior user. Therefore, Plaintiff's registered mark for "CAPSULE" should be

cancelled pursuant to either 15 U.S.C. §1052(d) or 15 U.S.C. §1119, or both. For the purposes of this Motion, Plaintiff may not maintain a Trademark Infringement claim against Spigen for a mark that is invalid.

> B. **Plaintiff's Claim for Federal Trademark Infringement Fails Because Plaintiff's Trademark Registration of "CAPSULE" should be cancelled**

A registration is subject to cancellation under 15 U.S.C. § 1064 if the registration was obtained fraudulently or contrary to the provisions of section 1054 of this title.

Here, both of Vatra and SwitchEasy are senior users and Plaintiff is junior user and thus, Plaintiff's registration of the mark "CAPSULE" was contrary to the provisions of section 1054. In addition, Plaintiff's registration of the mark "CAPSULE" was fraudulently obtained because Plaintiff did not disclose Vatra's registration or SwitchEasy's superior right.

A quick search of the USPTO Trademark Status and Document Retrieval System would have produced the prior trademark registration of Vatra and prior trademark application of SwitchEasy. RFJN, Ex. C; Ex. D. Plaintiff either failed to properly investigate and search the USPTO Trademark registry for prior uses of the mark "CAPSULE" or Plaintiff deliberately withheld this information from the USPTO when registering its trademark. If Plaintiff would have disclosed the prior registration or superior right to the USPTO, it would have rejected Plaintiff's trademark registration. Thus, Plaintiff's mark "CAPSULE" should have never been registered and its registration should be cancelled.

> C. **Plaintiff's Trademark Registration of "CAPSULE" should be cancelled Because "Capsule" is generic or descriptive**

Generic names or descriptive marks cannot be registered under 15 U.S.C. § 1052. Generic names refer to a general name of a product or service whereas descriptive marks directly identify or describe some aspect, characteristic, or quality of a product or service to which they are affixed in a straightforward way that requires no exercise of imagination to be understood.

Plaintiff's registered mark "CAPSULE" in connection with cases is either a generic name or descriptive. "CAPSULE" means a small case or container and Plaintiff's mark "CAPSULE" is used in connection with a case. Thus, the mark directly refers the product name or directly identifies or

describes some aspect, characteristic, or quality of a case product. Therefore, Plaintiff's mark "CAPSULE" should have never been registered and its registration should be cancelled.

### D. Plaintiff Fails to Allege Sufficient Facts to Support its Claim for Federal Trademark Infringement

In order to prevail on Trademark Infringement claims, Plaintiff must demonstrate that Spigen used the mark "CAPSULE" in a manner that is likely to cause confusion as to the source, origin, sponsorship, or approval of Spigen's Product. *See* 15 U.S.C. §1125(a); *Ty, Inc. v. Jones Group, Inc.*, 237 F.3d 891, 897 (7th Cir. 2001); *Badger Meter, Inc. v. Grinnel Corp.,* 13 F.3d 1145, 1151 (7th Cir. 1994). Likelihood of confusion is determined by reviewing the following factors:

(1) the similarity of the marks in appearance and suggestion;
(2) the similarity of the products;
(3) the area and manner of concurrent use;
(4) the degree of care likely to be used by consumers;
(5) the strength of the plaintiff's mark;
(6) whether any actual confusion exists; and
(7) the defendant's intent to palm off its goods as those of the plaintiffs.

*Ty, Inc. v. Jones Group, Inc.*, 237 F.3d 891, 897 (7th Cir. 2001). Other than a conclusory allegation that Spigen's use of the mark "Capsule" will cause consumers confusion with Plaintiff's mark "CAPSULE," Plaintiff fails to allege sufficient facts to demonstrate that there is any likelihood of confusion from consumers. (Complaint, ¶40.) Specifically, Plaintiff fails to allege facts to support most of the factors required to support its claim of likelihood of confusion. Moreover, the weakness of Plaintiff's mark is demonstrated by the fact that (1) there are prior applications for the mark "CAPSULE" as it pertains to mobile phone cases by Vatra and SwitchEasy and (2) there are numerous mobile phone cases bearing the mark "CAPSULE." RFJN, Ex. C; RFJN, Ex. D; Complaint, Ex. F; *See IBEW Local 15 v. Exelon Corp.*, 495 F.3d 779, 782 (7th Cir. 2007) [A document is attached or referenced in the Complaint, it forms part of the Complaint and hence may be considered in deciding a motion to dismiss under rule 12(b)(6) of the Federal Rules of Civil Procedure].

Since Plaintiff's conclusory allegations fail to demonstrate that there will be likelihood of confusion from consumers, Plaintiff's claim for Federal Trademark Infringement (Count 1) should be dismissed.

### IV. Plaintiff's Claim for False Designation of Origin Fails (Count 2)

As set forth in Section III of this Motion, Plaintiff's registration of the mark "CAPSULE" is invalid. Since, Plaintiff's claim is based on its assumption that its registration of the mark "CAPSULE" is valid (See Complaint, ¶45), Plaintiff's claim for false designation of origin fails as a matter of law.

### V. Plaintiff's Claim Under the Illinois Common Law Unfair Competition Fails (Count 3)

In the state of Illinois, the Illinois Uniform Deceptive Trade Practices Act 815 ILCS §§510/1 et. seq. (hereinafter, "UDTPA") controls the common law tort of unfair competition and generally applies where one competitor is harmed or may be harmed by the unfair trade practices of another. *Popp v. Cash Station, Inc.*, 244 Ill.App.3d 87, 93 (First Dist. 1992). Wrongful conduct included in the UDTPA incudes "passing off," to create a likelihood of confusion as to the source as alleged by Plaintiff in its Complaint. 765 ILCS 1036/60; Complaint, ¶52. In order for unfair competition claims to be successful, Plaintiff must demonstrate that the challenged action occurred "primarily and substantially" in Illinois. *LG Electronics U.S.A., Inc. v. Whirlpool Corp.*, 809 F.Supp.2d 857, 861 (N.D. Ill. 2011) (citing *Avery v. State Farm Mut. Auto Ins. CO.*, 835 N.E.2d 801, 854 (Ill. 2005).) In considering whether an action occurred primarily and substantially in Illinois, a court may consider the plaintiff's residence, where the deception occurred, where the damage to the plaintiff occurred, and whether the plaintiff communicated with the defendant in Illinois. *See Id.*

Here, Plaintiff fails to allege that the alleged wrong occurred primarily and substantially in Illinois. Moreover, Plaintiff will not be able to allege that the wrong occurred primarily and substantially in Illinois because Spigen is a California Corporation with its headquarters and principal

place of business in California. As such, the alleged harm happened (if it happened at all) in California. Knowing that the UDTPA codified Illinois common law unfair competition claims (and contains the above referenced location of action requirement), Plaintiff intentionally brought a claim for unfair competition and Illinois common law unfair competition instead of a violation under UDTPA in order to bypass the requirement that the alleged wrong occurred primarily and substantially in Illinois. Regardless, the UDTPA is controlling law when it comes to a claim for Unfair Competition. Thus, because Plaintiff has failed to allege that any of the relevant conduct occurred In Illinois, Plaintiff's claim for unfair competition and false designation must be dismissed.

## CONCLUSION

For the foregoing reasons, the Defendant Spigen, Inc. respectfully requests that this Court dismiss Plaintiff's Complaint in its entirety.

SPIGEN, INC.

By:/s/ William P. Foley
One of Their Attorneys

Karl W. Roth, Esq.
William P. Foley, Esq.
ROTH LAW GROUP LLC
Attorneys Defendant
150 N. Michigan Avenue, Suite 800
Chicago, Illinois 60601
(312) 419-9599

## **CERTIFICATE OF SERVICE**

      I, William P. Foley, attorney for Defendant, SPIGEN, INC., hereby certify that the foregoing Motion for an Enlargement of Time to Answer or Otherwise Plead was served on the following counsel of record via the Court's electronic filing system on the **20th day of January, 2016:**

Edward L. Bishop
Benjamin Adam Campbell
Nicholas S. Lee
Stephanie Nicole White
Bishop Diehl & Lee, Ltd.
1750 East Golf Road, Suite 390
Schaumburg, IL 60173
(847)969-9123
ebishop@bishoppatents.com
bcampbell@bishoppatents.com
nlee@bishoppatents.com
swhite@bdl-iplaw.com

                                                  SPIGEN, INC.

                                        By:/s/ William P. Foley____
                                             One of Their Attorneys


Karl W. Roth, Esq.
William P. Foley, Esq.
ROTH LAW GROUP LLC
Attorneys Defendants
150 N. Michigan Avenue, Suite 800
Chicago, Illinois 60601
(312) 419-9599