**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| **UNCOMMON, LLC,** | |
| Plaintiff, | Civil Action No. 1:15-cv-10897 |
| v. | Honorable John Robert Blakey |
| **SPIGEN, INC.**, | JURY TRIAL DEMANDED |
| Defendants. | |

**JOINT INITIAL STATUS REPORT**

The parties participated in a planning conference on January 15, 2016 by telephone and jointly report the following:

1. **The Nature of the Case**

   a. **Identify the attorneys of record for each party, including the lead trial attorney.**

   Attorneys for Plaintiff:

   > Edward L. Bishop
   > Nicholas S. Lee
   > Benjamin A. Campbell
   > Stephanie N. White
   > Bishop, Diehl & Lee, Ltd.
   > 1750 E. Golf Road, Suite 390
   > Schaumburg, IL 60173
   >
   > Mr. Bishop is expected to act as lead trial attorney.

   Attorneys for Defendant:

   > Heedong Chae (Pro Hac Vice)
   > Richard Kim (Pro Hac Vice)
   > East West Law Group PC
   > 3600 Wilshire Blvd., Suite 702
   > Los Angeles, CA 90010
   > (213) 387-3630

Karl W. Roth
William P. Foley
Roth Law Group LLC
150 N. Michigan Avenue, Suite 800
Chicago, IL 60601

Richard Kim is expected to act as lead trial attorney.

**b. State the basis for federal jurisdiction and, if diversity, state the domicile of all parties.**

This Court has jurisdiction over the Complaint pursuant to 15 U.S.C. § 1121, 28 U.S.C. § 1331 and 28 U.S.C. § 1338 because this case arises under the Lanham Act, 15 U.S.C. §§ 1051, et seq. This Court also has supplemental jurisdiction over this action pursuant to 28 U.S.C. § 1367.

**c. Describe the nature of the claims asserted in the complaint and any counterclaims.**

Plaintiff asserts that Defendant is infringing Plaintiff's federally registered trademark for the mark CAPSULE, U.S. Reg. No. 4,338,254. Plaintiff further asserts that such infringement is willful. Additionally, Plaintiff asserts that Defendant's use of the CAPSULE mark constitutes unfair competition under both the Lanham Act, 15 U.S.C. § 1125(a), and Illinois common law.

Defendant has not yet filed a responsive pleading. Defendant previously filed a Motion to Dismiss but has reached agreement with Plaintiff to withdraw that Motion and will file its responsive pleading within 14 days (February 10, 2016). Defendant plans on denying Plaintiff's allegations and asserting affirmative defenses and/or counterclaims.

**d. State the major legal and factual issues anticipated in the case.**

Plaintiff asserts that the major legal issues include the following:
- Whether Defendant's use of the CAPSULE mark infringes Plaintiff's trademark rights for its CAPSULE mark under the Lanham Act, 15 U.S.C. § 1114;
- Whether Defendant's use of the CAPSULE mark constitutes unfair competition under the Lanham Act, 15 U.S.C. § 1125(a) and/or Illinois common law;
- Whether Defendant's infringement was and/or is willful;
- Defendant's injunctive and monetary relief.

Plaintiff asserts that the major factual issues include the following:

- Whether the parties' marks are confusingly similar;
- Whether the parties' goods and services are identical or related;
- Whether the parties' goods and services are sold through similar channels of trade;
- Whether Defendant had actual knowledge of Plaintiff's CAPSULE mark; and
- The intent of Defendant when adopting the CAPSULE mark.

Defendant asserts that the major legal issues include the following:
- Whether Plaintiff's mark is valid;
- Whether Plaintiff's mark is enforceable;
- Whether Plaintiff's mark is subject to cancellation based on priority, seniority, abandonment, fraud, mark being merely descriptive or generic, etc.;
- Whether Plaintiff committed fraud with the United States Patent and Trademark Office (hereinafter, "USPTO") in obtaining registration of the mark;
- Whether there is a likelihood of confusion in the parties' marks;
- Defendant's defense under Lanham Act Section 33(b)(5);
- Whether Defendant is entitled to concurrent use of the CAPSULE mark;
- Whether Plaintiff's claims are barred by statute of limitation or doctrine of laches;
- Whether there was an infringement and if any, injunction or monetary relief.
- Whether Defendant is entitled to damages from Plaintiff under Lanham Act Section 38; and
- Whether there was/is a reverse confusion and if any, injunction or monetary relief granted to Defendant.

Defendant asserts that the major factual issues include the following:
- Who is a senior user of the CAPSULE mark among the parties;
- The extent, temporally and geographically, of using the CAPSULE marks by the parties;
- Any non-use and intent to abandon of the CAPSULE mark by Plaintiff;
- When Plaintiff was first aware of Defendant's use of the CAPSULE mark;
- Whether Defendant began using the CAPSULE mark prior to Plaintiff's application or registration of the CAPSULE mark with the USPTO; and
- Plaintiff or Plaintiff's counsel's knowledge of SwitchEasy Limited's (hereinafter, "SwitchEasy") trademark application for the CAPSULE mark with the USPTO (Ser. No. 77533218) and/or Vatra Inc.'s (hereinafter, "Vatra") trademark registration of the CAPSULE mark with the USPTO (Reg. No. 3472044) during the prosecution of Plaintiff's trademark application for the CAPSULE mark.

The parties reserve the right to supplement the major legal and factual issues.

**e. Describe the relief sought by the parties.**

Plaintiff seeks an injunction against Defendant's use of the CAPSULE mark and any

mark confusingly similar thereto. For monetary relief, Plaintiff seeks an accounting of profits,

actual damages, treble damages, and attorneys' fees. Plaintiff is not able to calculate the amount of profits or actual damages without discovery.

Defendant seeks cancellation of Plaintiff's registered mark, declaratory judgment of invalidity of Plaintiff's registered mark, declaratory judgment of unenforceability of Plaintiff's registered mark, declaratory judgment of concurrent use of the mark by the parties, declaratory judgment of non-infringement, declaratory judgment of Defendant's defense under Lanham Act Section 33(b)(5), declaratory judgment of no damages to Plaintiff, damages and attorney's fee and cost.

Defendant has not yet filed a responsive pleading and reserve the right to supplement.

## 2. **Pending Motions and Case Plan**

### a. **Identify all pending motions.**

Defendant's motion to dismiss under Federal Rules of Civil Procedure 12(b)(6) was previously pending. Defendant has agreed to withdraw its motion to dismiss in view of Plaintiff's withdrawal of Counts IV and V of the Complaint (see Dkt. No. 23).

### b. **Submit a proposal for discovery and case management, including the following information:**

#### (1) **The general type of discovery needed, including any potential electronic discovery or bifurcated discovery;**

a. A non-exhaustive list of the discovery that will be needed includes the following subjects:

i. The facts surrounding Defendant's decision to use the CAPSULE mark;

ii. The scope and extent of Defendant's use of the CAPSULE mark;

iii. Defendant's knowledge of Plaintiff and Plaintiff's CAPSULE mark;

iv. Defendant's sales and profits attributable to Defendant's use of the CAPSULE mark;

v. Who is a senior user of the CAPSULE mark among the parties;

vi. The extent, temporally and geographically, of using the CAPSULE marks by the parties;

vii. Any non-use and intent to abandon of the CAPSULE mark by Plaintiff;

viii. When Plaintiff was first aware of Defendant's use of the CAPSULE mark;

ix.    Whether Defendant began using the CAPSULE mark prior to Plaintiff's application or registration of the CAPSULE mark with the USPTO; and

x.    Plaintiff or Plaintiff's counsel's knowledge of SwitchEasy Limited's (hereinafter, "SwitchEasy") trademark application for the CAPSULE mark with the USPTO (Ser. No. 77533218) and/or Vatra Inc.'s (hereinafter, "Vatra") trademark registration of the CAPSULE mark with the USPTO (Reg. No. 3472044) during the prosecution of Plaintiff's trademark application for the CAPSULE mark.

b.    The parties acknowledge their obligation to take reasonable and proportionate steps for preserving relevant and discoverable ESI within their possession, custody, or control. The parties also acknowledge that requests for ESI must be reasonably targeted, clear, and as specific as practicable. The parties will meet and confer regarding methodologies for addressing ESI after service of written discovery requests.

c.    The parties anticipate that each side will serve interrogatories, discovery requests, and requests for admission, and will take depositions.

**(2) A date for Rule 26(a)(1) disclosures;**

The parties will exchange Rule 26(a)(1) disclosures on February 17, 2016.

**(3) A date to issue written discovery;**

The parties propose a date no earlier than February 17, 2016.

**(4) The need for, and content of, any proposed protective orders (in accordance with the Local Rules for the Northern District of Illinois);**

The parties are in possession of information that they intend to designate as confidential or highly confidential. The parties will file a joint proposed protective order no later than March 9, 2016.

**(5) A fact discovery completion date;**

The parties propose that all fact discovery be completed by August 31, 2016.

**(6) Whether there will be expert discovery, and, if so, an expert discovery completion date (including expert disclosures and depositions);**

The parties anticipate that they will conduct expert discovery, and propose and expert discovery completion date of December 1, 2016.

5

**(7) A date for the filing of dispositive motions; and**

The parties propose that the deadline for filing dispositive motions be set as January 2, 2017.

**(8) A tentative trial date.**

The parties propose a tentative trial date of April 3, 2017.

**c. With respect to trial, indicate whether a jury trial is requested and the probable length of trial.**

Plaintiff has requested a jury trial. The expected length of trial is five (5) days.

**3. <u>Indicate whether the parties consent unanimously to proceed before a Magistrate Judge</u>**

The parties do not unanimously consent to proceed before a Magistrate Judge.

**4. <u>Status of Settlement Discussions</u>**

**a. Indicate whether any settlement discussions have occurred;**

The parties exchanged written communications detailing initial settlement positions; however, no resolution was achieved.

**b. Describe the status of any settlement discussions; and**

The parties are not currently engaged in settlement discussions.

**c. Indicate whether the parties request settlement conference.**

The parties do not request a settlement conference at this time.

DATED:  January 27, 2016                    Respectfully submitted,


By:    /s/ Nicholas S. Lee                  By:    */s/ Heedong Chae w/permission*
       Edward L. Bishop                            William P. Foley
       ebishop@bdl-iplaw.com                       wpf@rothlawgroup.com
       Nicholas S. Lee                             Karl W. Roth
       nlee@bdl-iplaw.com                          kwr@rothlawgroup.com
       Benjamin A. Campbell                        ROTH LAW GROUP
       bcampbell@bdl-iplaw.com                     150 N. Michigan Avenue, Suite 800
       Stephanie N. White                          Chicago, Illinois 60601
       swhite@bdl-iplaw.com
       BISHOP DIEHL & LEE, LTD.                     Heedong Chae
       1750 E. Golf Rd., Suite 390                  hdchae@ewpat.com
       Schaumburg, IL 60173                         Richard Kim
       Phone: (847) 969 - 9123                      rkim@ewpat.com
       Fax: (847) 969 -9124                         East West Law Group, PC
                                                    3600 Wilshire Blvd., Suite 702
       *Attorneys for Plaintiff Uncommon, LLC*      Los Angeles, CA  90010

                                                    *Attorneys for Defendant Spigen, Inc.*


## CERTIFICATE OF SERVICE

      The undersigned hereby certifies that all counsel of record who are deemed to have
consented to electronic service are being served with a copy of this document via the Court's
CM/ECF system this January 27, 2016.  Any other person in this case will be served by
electronic mail and/or first class mail.


                          /s/ Nicholas S. Lee
                          Nicholas S. Lee