# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| UNCOMMON, LLC, | |
| Plaintiff, | Case No. 15 C 10897 |
| v. | |
| SPIGEN, INC., | Judge John Robert Blakey |
| Defendant. | |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Uncommon, LLC, has sued Defendant, Spigen, Inc., alleging trademark infringement in violation of the Lanham Act and unfair competition in violation of both the Lanham Act and Illinois common law.[1] Spigen answered Uncommon's complaint and, along with its answer, asserted ten affirmative defenses and a six-count counterclaim. Currently before the court is Uncommon's motion to dismiss Counts II and V of Spigen's counterclaim and to strike all ten affirmative defenses. The Court grants the motion to dismiss Counts II and V, and grants in part, and denies in part, the motion to strike the affirmative defenses.

## I. Background

In its complaint, Uncommon alleged that it owns a federal registration with the U.S. Patent and Trademark Office ("USPTO") for its CAPSULE trademark (Reg. No. 4,338,254). Complaint [1], ¶ 2. The mark, which specifies its use for cases

---

[1] These claims are asserted, respectively, in Count I (infringement) and Counts II and III (unfair competition). Plaintiff's initial complaint also included claims seeking cancellation of Defendant's application for the "Air Capsule" mark (Count IV) and the "Capsule Solid" mark (Count V). See [1], ¶¶ 56-65. Plaintiff voluntarily dismissed the cancellation claims on January 29, 2016. See [28].

specifically adapted for protection and storage of consumer electronics, namely, cellular phones and mobile media players, in Class 9 (U.S. CLS 21, 23, 26, 36 and 38), was registered on May 21, 2013, and claimed a "first use" date of December 16, 2009. *See* [1], ¶ 17 and Exhibit A. Uncommon alleges that Spigen, which is a direct competitor of Uncommon, has intentionally copied the CAPSULE mark. *Id.*, ¶¶24, 30-31. Uncommon alleges that Spigen filed an intent-to-use trademark application on November 25, 2014, for "AIR CAPSULE" in Class 9; and it also filed a trademark application on October 5, 2015 for "CAPSULE SOLID" in Class 9 on October 5, 2015. *Id.*, ¶¶34-35. These applications remain pending. *Id.*

On February 12, 2016, Spigen answered the complaint, claiming that it lacked sufficient information or knowledge to admit or deny the allegations concerning Uncommon's registration of the CAPSULE mark. *See* Answer [31], ¶¶ 2, 17. Spigen admitted that it promotes and sells protective cases for electronic devices, including those containing the term "Capsule." *Id.*, ¶¶ 23-26. In its first responsive pleading, Spigen asserted fifteen affirmative defenses (in a single sentence each): (1) failure to state a claim; (2) continuous prior use; (3) continuous prior use before registration; (4) waiver, acquiescence, estoppel; (5) laches; (6) abandonment; (7) failure to mitigate; (8) acts of Plaintiff; (9) no equitable relief; (10) no willful infringement; (11) third party use; (12) actions of others; (13) lack of causation; (14) lack of damages; and (15) a catchall defense entitled "all remaining defenses." *See* Affirmative Defenses [31], ¶¶ 1-15.

For its initial counterclaim, Spigen sought cancellation of the "CAPSULE" mark based upon fraud in the procurement of the registration (Count I);

cancellation of the "CAPSULE" mark based upon prior registration by Vatra and/or Senior use of SwitchEasy (Count II); cancellation of the "CAPSULE" mark based upon the mark being merely descriptive with no secondary meaning (Count III); a declaratory judgment of noninfringment of the "CAPSULE" mark (Count IV); a declaratory judgment of lack of protectable or enforceable trademark (Count V); a declaratory judgment granting concurrent use right to Spigen (Count VI) and damages under 15 U.S.C. § 1120 (Count VII). *See* Counterclaim [31].

Uncommon moved to dismiss Spigen's counterclaim and strike its affirmative defenses [41]. In response, Spigen filed an amended pleading, knocking its affirmative defenses down to ten (it deleted those asserting failure to state a claim; no equitable relief; no willful infringement; lack of causation; and lack of damages), and adding a claim seeking cancellation of the "CAPSULE" mark based upon genericness (amended Count III). *See* First Amended Answer, Affirmative Defenses and Counterclaim [47], ¶¶ 42-48. Spigen also dropped two of its declaratory judgment claims – former Count IV, which sought a declaratory judgment of noninfringment of the "CAPSULE" mark, and former Count V, which sought a declaratory judgment of lack of protectable or enforceable trademark. *See* [47].

Uncommon again moved to dismiss. This time, Uncommon sought dismissal of Counts I, II, V and VI of Spigen's amended counterclaim; and it again moved to strike all of Spigen's affirmative defenses. *See* [48]. In response, Spigen voluntarily dismissed Counts I and VI of its amended counterclaim. *See* [54]. Thus, before the Court is Uncommon's motion to dismiss Counts II and V of Spigen's amended counterclaim and to strike Spigen's ten affirmative defenses. Uncommon does not

3

seek to dismiss Counts III and IV, which seek cancellation of the CAPSULE mark based upon genericness (Count III) and based on the mark being merely descriptive and having no secondary meaning (Count IV).

## II. Legal Standard

Uncommon has moved to dismiss Counts II and V of Spigen's counterclaim for failure to state a claim. A motion to dismiss under Rule 12(b)(6) "challenges the sufficiency of the complaint for failure to state a claim upon which relief may be granted." *Gen. Elec. Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1080 (7th Cir. 1997). To survive a motion to dismiss, a complaint must contain "sufficient factual matter" to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556, 570 (2007)). A claim has facial plausibility "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The plausibility standard "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* In making this determination, the Court accepts all well-pleaded allegations in the complaint as true and draws all reasonable inferences in favor of the plaintiff. *Id.* When considering a motion to dismiss under Rule 12(b)(6), this Court must construe Spigen's allegations in the light most favorable to Spigen, accept as true all well-pleaded facts and draw reasonable inferences in Spigen's favor. *Yeftich v. Navistar, Inc.*, 722 F.3d 911, 915 (7th Cir. 2013); *Long v. Shorebank Development Corp.*, 182 F.3d 548, 554 (7th Cir. 1999). Statements of law, however, need not be accepted true. *Id.*

4

Counterclaims are treated the same as claims for purposes of Fed. R. Civ. P. 8 and 9. *Telefonix, Inc. v. Response Engineering, Inc.*, No. 12 C 4362, 2012 WL 5499437 (N.D. Ill. Nov. 13, 2012). Thus, to survive a motion to dismiss, a counterclaim must "state a claim for relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Yeftich v. Navistar, Inc.*, 722 F.3d 911, 915 (7th Cir. 2013).

The *Twombly* and *Iqbal* standards also apply to affirmative defenses. *Shield Tech. Corp. v. Paradigm Positioning, LLC,* No. 12 C 6183, 2012 WL 4120440, at *8 (N.D. Ill. Sept. 19, 2012). Thus, Spigen must plead its affirmative defenses with "enough facts to state a claim for relief that is plausible on its face." *Twombly*, 550 U.S. at 547. Further, "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" for the pleading standard of Rule 8. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). At the very least, affirmative defenses must pass the pre-*Twombly* standard, where "bare bones conclusory allegations," bereft of factual context, are not sufficient to pass a motion to dismiss. *Heller Financial, Inc. v. Midwhey Powder Co.*, 883 F.2d 1286, 1295 (7th Cir. 1989).

## II. Analysis

Uncommon moves to dismiss Counts II and V of Spigen's Counterclaim and also moves to strike all ten of Spigen's affirmative defenses. The Court considers each issue below.

A.   Count II: Cancelation Based Upon Prior and Senior Use

In Count II of its counterclaim, Spigen seeks cancellation of the "CAPSULE" mark based upon prior registration by Vatra and/or senior use of SwitchEasy and/or Spigen.  First Amended Counterclaim [47], ¶¶26-41.  In support of this claim, Spigen alleges that Vatra, Inc., a non-party in this case, "applied for registration of the mark "CAPSULE" (U.S. Registration No. 3,472,044) in connection with IC 009, including cases for mobile phones and cases for telephones, on December 27, 2007"; that Vatra's "CAPSULE" mark (U.S. Registration No. 3,472,044) was published for opposition on May 6, 2008 and registered on the principal register on July 22, 2008"; and that Vatra began using the "CAPSULE" mark "as early as September 1, 2007."  First Amended Counterclaim [47], ¶¶ 26-29.  Spigen further alleges that SwitchEasy "applied for registration of the mark "CAPSULE" (Ser. No. 77533218) in connection with IC 009 protective cases and carrying cases for portable digital media player devices on July 29, 2008, with a first date of use at [least] as early as December 1, 2005."  *Id.*, ¶ 30.  Based upon these prior uses, Spigen asks the Court to "exercise its authority and order the USPTO to cancel the "CAPSULE" Mark (U.S. Registration No. 4,338,524). *Id.*, ¶ 41.

It is not clear what statute Spigen seeks to invoke in Count II.  But, to the extent Spigen is seeking to assert a claim against Uncommon for infringement of any registered trademark, the claim would fail.  Spigen admits in its answer and counterclaim that its Capsule-related applications remain pending; and Spigen cannot assert a claim on behalf of Vatra, the only entity alleged to hold a previously registered mark.  *See Jewelers Vigilance Comm., Inc. v. Ullenberg Corp.*, 853 F.2d

6

888, 891 (Fed. Cir. 1988); *Otto Roth & Co., Inc. v. Universal Foods Corp.*, 640 F.2d 1317, 1320 (C.C.P.A. 1981). To prevail on a traditional trademark infringement claim against an accused infringer, a plaintiff must show that it owns a protectable trademark. *Pure Imagination, Inc. v. Pure Imagination Studios, Inc.*, No. 03 C 6070, 2004 WL 2967446, at *4 (N.D. Ill. Nov. 15, 2004). Spigen has not alleged that it owns or has proprietary rights in any mark that was previously registered or used. It does allege that Vatra registered a mark before Uncommon and that Uncommon's use of its mark is likely to cause confusion with the Vatra mark. But "[o]rdinarily, a person should not be heard on a third party's rights" or be "allowed to sue to vindicate the rights of another." *Jewelers Vigilance*, 853 F.2d at 892.

Spigen cites *Ritchie v. Simpson*, 170 F.3d 1092, 1095 (Fed. Cir. 1999), for the proposition that, even if it does not own the infringed mark, it need only possess a "real interest" in the proceedings to sue for trademark infringement. The *Ritchie* case, however, dealt with the issue of who can oppose a *trademark registration* at the USPTO when the registration is pending. It does not address who can properly sue in federal court for *trademark infringement*. In *Central Manufacturing, Inc. v. Brett*, 492 F.3d 876, 881 (7th Cir. 2007), the Seventh Circuit held that an "action for trademark infringement can only succeed if, among other things, the plaintiff owns the mark." Because Spigen does not own the mark registered to Vatra, it cannot sue for trademark infringement on the basis of Vatra's mark.

To the extent Spigen is attempting in Count II to seek relief under 15 U.S.C. § 1052(d), its claim would similarly fail. That statute provides that a mark is not entitled to registration if it consists of or comprises a mark which "so resembles a

7

mark registered in the Patent and Trademark Office, or a mark or trade name previously used in the United States by another and not abandoned, as to be likely, when used on or in connection with the goods of the applicant, to cause confusion, or to cause mistake, or to deceive." This is not, however, the time or place to challenge Uncommon's registration. And, to the extent Spigen is arguing that Uncommon's registration should be cancelled because Spigen used the mark before Uncommon did, that claim is not factually supported.

Uncommon argues that Count II should be dismissed because Spigen's allegation that it is a "senior user" is a threadbare legal conclusion. The party who "first appropriates the mark through use" acquires "superior rights to it." *Kubota Corp. v. Shreddheadline.com Company, Inc.*, No. 12 C 6065, 2013 W.L. 6096999 at *5 (N.D. Ill. Nov. 20, 2013) (*quoting Johnny Blastoff, Inc. v. Los Angeles Rams Football Co.,* 188 F.3d 427, 434 (7th Cir. 1999)). To acquire rights to a trademark, one must use it in commerce "in the ordinary course of trade." *Id.* To prevail on any infringement claim based upon senior use, Spigen would have to show that it first appropriated the mark by making "use in commerce" before Uncommon. *Specht v. Google*, 747 F.3d 949 (7th Cir. 2014) (deciding which parties had superior trademark rights by determining who made first "use in commerce."). If a party uses a mark in commerce later in time, and the mark is "likely to cause confusion" with the first user's mark, then the party may be liable for trademark infringement. 15 U.S.C. § 1114(1)(a). Accordingly, a party's status as a "senior user" is a legal conclusion requiring factual proof. Simply alleging that you are the "senior user" of the mark – without facts to explain the conclusion − is not enough. *E.g., Drew*

*Estate Holding Co., LLC v. Fantasia Distribution, Inc.*, No. 11-21900-CIV, 2012 WL 864659, at *4 (S.D. Fla. Mar. 13, 2012). *See also Yeftich v. Navistar, Inc.*, 722 F.3d 911, 915 (7th Cir. 2013) (at the motion to dismiss stage, statements of law need not be accepted as true).

Here, Spigen alleges that it "is a senior user to Counter-Defendant in using the mark 'CAPSULE'." Countercl. ¶ 39. But Spigen does not allege a date, a year or any time period indicating when it first used the CAPSULE mark in commerce. Spigen offers no facts establishing that it made first use of the mark in commerce, and, as a result, its senior user allegation is conclusory and insufficient to support any inference that Spigen has superior rights in the mark. Without properly alleging superior rights to the CAPSULE mark, and supporting that allegation with facts, Spigen cannot pursue a claim (whether for infringement or cancellation) based upon senior use.

Spigen next argues that it may petition the Court to cancel Uncommon's mark by invoking 15 U.S.C. § 1119 of the Lanham Act, which provides: "In any action involving a registered mark the court may determine the right to registration, order the cancelation of registrations, in whole or in part, restore canceled registrations, and otherwise rectify the register with respect to the registrations of any party to the action." 15 U.S.C. § 1119. Section 1119, however, does not create an independent cause of action, but "merely defines certain available remedies." *Thomas & Betts Corp. v. Panduit Corp.*, 48 F. Supp.2d 1088, 1093 (N.D. Ill. 1999). Spigen argues that its purported prior use in a certain geographical region justifies its request for cancellation. But that argument goes

9

against clearly established law: "[p]rior use of a trademark in a remote geographic" area does "not justify the cancellation of a second user's trademark rights acquired in good faith." *V & V Food Products, Inc. v. Cacique Cheese Co.*, 683 F. Supp. 662, 666 (N.D. Ill. 1988) (citing *United Drug Co. v. Theodore Rectanus Co.*, 248 U.S. 90, 100 (1918); *Hanover Star Milling Co. v. Metcalf*, 240 U.S. 403, 415 (1916).

In the absence of any authority recognizing a standalone cause of action for cancelation based upon a third party's prior use or registration, Spigen relies on *Central Manufacturing, Inc. v. Brett*, 492 F.3d 876, 883 (7th Cir. 2007). Such reliance, however, is misplaced. In that case, the trial court determined that the plaintiff's registered mark was invalid because it was not used in commerce and then, having determined that the mark was invalid, used its discretionary power to cancel the mark under 15 U.S.C. § 1119; the Seventh Circuit affirmed. But nothing in Central Manufacturing suggests that a party may petition the court to cancel a mark based solely on an allegation of prior use and without the predicate determination of invalidity. For all of these reasons, Uncommon's motion to dismiss Count II of Spigen's counterclaim is granted.[2]

B. <u>Count V: Declaratory Judgment Seeking Right to Concurrent Use</u>

In Count V of its counterclaim, Spigen seeks a declaratory judgment granting it the right to concurrent use of the "CAPSULE" mark. First Amended Counterclaim [47], ¶¶ 56-59. Spigen alleges that, if Uncommon filed a trademark application on September 17, 2012 representing that its date of first use was

---

[2] This ruling does not affect Spigen's efforts to seek cancelation based upon genericness (Count III) and upon the mark being merely descriptive (Count IV). Uncommon has not moved to dismiss Counts III and IV of Spigen's counterclaim.

December 16, 2009, then Spigen's use of the mark preceded Uncommon's use of the mark. *Id.* at ¶¶ 12-13, 16. Spigen alleges that it is entitled to a judicial declaration finding that it has the right to use the mark in the geographical region where it used the mark before Uncommon. *Id.* at ¶¶ 58-59.

Under the Lanham Act, someone using a mark prior to another's use and registration may continue to use in that area, even after the other registers. 15 U.S.C. § 1065. Although concurrent use in a geographic area may be a defense to an infringement claim, these allegations do not give rise to an affirmative claim. In fact, Spigen seeks no affirmative relief here, but seeks the denial of relief (or a limitation on any relief awarded) to Uncommon. As such, these allegations constitute a defense, not a counterclaim. *Burger King of Fla., Inc. v. Hoots*, 403 F.2d 904, 907 (7th Cir. 1968); *Pure Imagination, Inc. v. Pure Imagination Studios, Inc.*, No. 03 C 6070, 2004 WL 2967446 (N.D. Ill. Nov. 15, 2004). Indeed, concurrent use is one factor comprising the likelihood of confusion analysis the Court will undertake in connection with Uncommon's claims. *E.g., Packman v, Chicago Tribune Co.*, 267 F.3d 628, 643, 646 (7th Cir. 2001). Spigen has already pled concurrent use as a defense to Uncommon's claims, which is appropriate under the Lanham Act, see 15 U.S.C. § 1115(b). Thus, its claim seeking a declaratory judgment action is redundant and is, therefore, dismissed. *See, e.g, Intercon Solutions, Inc. v. Basel Action Network*, 969 F. Supp. 2d 1026, 1065 (N.D. Ill. 2013), aff'd, 791 F.3d 729 (7th Cir. 2015) (where "the substantive suit would resolve the issues raised by the declaratory judgment action, the declaratory judgment action 'serves no useful purpose' because the controversy has 'ripened' and the uncertainty

11

and anticipation of litigation are alleviated.") (quoting *Amari v. Radio Spirits, Inc.*, 219 F.Supp.2d 942, 944 (N.D. Ill. 2002); *Tempco Elec. Heater Corp. v. Omega Engineering, Inc.*, 819 F.2d 746, 749 (7th Cir. 1987)). Courts "routinely dismiss counterclaims that seek to generate an independent piece of litigation out of issues that are already at issue; this includes counterclaims that merely restate an affirmative defense, as well as those which simply seek the opposite effect of the complaint." *Id.* (citing cases). The Court does so here as well. The motion to dismiss Count V of Spigen's amended counterclaim is granted.

**C.**    Affirmative Defenses

Uncommon moves to strike all ten of Spigen's affirmative defenses, arguing that Spigen has not sufficiently pled any of them. Affirmative defenses will be stricken "only when they are insufficient on the face of the pleadings." *Heller Financial v. Midwhey Powder Co.*, 883 F.2d 1286, 1294 (7th Cir. 1989). Motions to strike propose a drastic remedy and generally are not favored because they delay proceedings; where, however, the motion seeks to remove "unnecessary clutter" from the case, it will expedite − not delay − the proceedings and may be granted. *Id.* An affirmative defense should not be stricken "unless it appears to a certainty that plaintiffs would succeed despite any state of the facts which could be proved in support of the defense." *Williams v. Jader Fuel Co.*, 944 F.2d 1388, 1400 (7th Cir. 1991). Ordinarily, defenses will "not be struck if they are sufficient as a matter of law or if they present questions of law or fact." *Heller*, 883 F.2d at 1294 (citing *United States v. 416.81 Acres of Land*, 514 F.2d 627, 631 (7th Cir. 1975)). *See also Maurice Sporting Goods, Inc. v. BB Holdings, Inc.*, No. 15-cv-11652, 2016 WL

2733285 (N.D. Ill. May 11, 2016) ("[M]otions to strike are not favored and will not be granted unless it appears to a certainty that plaintiffs would succeed despite any state of the facts which could be proved in support of the defense, and are inferable from the pleadings.") (quoting *Williams v. Jader Fuel Co., Inc.*, 944 F.2d 1388, 1400 (7th Cir. 1991)).

Here, Uncommon argues that Spigen's affirmative defenses are improper and fail to provide fair notice. In particular, Uncommon argues that each affirmative defense is only one sentence long and contains no supporting facts. Read within the context of Spigen's answer and counterclaim, however, the defenses, for the most part, pass muster. The Court addresses the exceptions below.

First, Spigen's third and fourth affirmative defenses are inadequately pled and must be stricken. Waiver and estoppel are among the enumerated defenses that must be affirmatively pled. *See* Fed. R. Civ. P. 8(c). To properly assert an estoppel defense, thereby giving adequate notice to the opposing party under Rule 8(c), three elements must be pleaded: (1) a party acts; (2) another party reasonably relies on those acts; and (3) the latter party thereby changes his position for the worse. *Tome Engenharia E. Transportes, Ltd. v. Malki*, No. 94 C 7427, 1996 WL 172286, at *11 (N.D. Ill. Apr. 11, 1996). Spigen failed to plead any of these elements, and none is readily discernible from Spigen's answer. Therefore, Spigen's third affirmative defense is stricken without prejudice.

Similarly, Spigen's fourth affirmative defense, laches, must be stricken. Spigen asserts only that Uncommon's "rights in the "CAPSULE" mark are unenforceable, in whole or in part, against Spigen, under the doctrine of laches."

13

[47], ¶4, p. 9. There is nothing in the complaint or answer to suggest that Uncommon was dilatory in bringing this action and, absent some additional factual support, this statement fails to provide adequate notice of the basis of the defense.

Additionally, Spigen's ninth and tenth affirmative defenses must be stricken as they inject unnecessary clutter into the case. Spigen's ninth affirmative defense lacks any factual support and fails to provide fair notice. It asserts that Uncommon's claims "are barred, in whole or in part, because Spigen is not liable for the acts of other[s] over whom it has no control." In response to the motion to strike, Spigen argues that the defense means that Spigen "is disavowing they have any control over any party other than itself." Response, p. 10. But the complaint does not allege liability based upon the actions of others.

Similarly, Spigen's catchall tenth affirmative defense lacks any support and must be stricken. *Maurice Sporting Goods, Inc. v. BB Holdings, Inc.,* No. 15-CV-11652, 2016 WL 2733285, at *2 (N.D. Ill. May 11, 2016); *Davis v. Elite Mortgage Servs.*, 592 F. Supp. 2d 1052, 1058 (N.D. Ill. 2009) (it is entirely appropriate for the court "to strike affirmative defenses that add unnecessary clutter to a case.") (citing *Heller*, 883 F.2d at 1295). "[U]sing affirmative defenses as a reservation of rights is improper and unnecessary." *Jones v. UPR Products, Inc.*, No. 14 C 1248, 2015 WL 3463367, at *2 (N.D. Ill. May 29, 2015); *In re Ventra Card Litig.*, No. 13 CV 7294, 2015 WL 1843044, at *7 (N.D. Ill. Apr. 21, 2015).

The motion to strike is granted as to Spigen's third, fourth, ninth and tenth affirmative defenses, but is otherwise denied.

### III. Conclusion

For the reasons explained above, Uncommon's motion to dismiss Spigen's amended counterclaims and strike Spigen's amended affirmative defenses [48] is granted in part and denied in part. The motion is granted as to Counts II and V of the counterclaim and as to Spigen's third, fourth, ninth and tenth affirmative defenses. The motion is otherwise denied.

Dated: July 26, 2016

ENTERED:

_____
Judge John Robert Blakey
United States District Judge